IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER MOSETI, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-1313-K-BW | |
| § | | |
| MARY KAY. § | | |
|     Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Mary Kay's Motion for Award of Reasonable Fees and Costs filed on December 1, 2025. (Dkt. No. 80 ("Mot.").) It supported its motion with a brief (Dkt. No. 80-1 ("D. Br.")) and appendix (Dkt. No. 80-2 ("D. App.")). Plaintiff Peter Moseti, appearing pro se in this action, filed his response in opposition to the motion the same day. (Dkt. No. 81 ("Resp.").) Mary Kay filed its reply on December 8. (Dkt. No. 84 ("Reply").) After consideration of the briefing and applicable authority, the Court **GRANTS** Mary Kay's motion and orders Moseti to pay $3,959.00.

**I. BACKGROUND**

Moseti's discovery practices in this case are set out in the Court's November 12, 2025 Memorandum Opinion and Order (Dkt. No. 79 ("Nov. 12 Mem. Op.")) and does not need to be repeated at length here. In that order, the Court considered

---

[1] This pro se action has been referred to the undersigned magistrate judge for case management by Special Order 3-251. (Dkt. No. 35.)

Moseti's motion to compel discovery responses filed on September 18, 2025. (*See* Dkt. No. 67.) By his motion, Moseti sought an order compelling Mary Kay to additionally respond to eight requests for admission, seven interrogatories, and six requests for production. Prior to this motion, the Court had already considered three motions—each alleging perjurious conduct or discovery malfeasance by Mary Kay—filed by Moseti since the case was transferred to this district and rejected each one. (*See* Dkt. Nos. 43, 46, 50.) In addressing those motions, the Court observed that Moseti manifested a belief that his mere disagreement with Mary Kay's view of the facts underling the merits of the case entitled him to file discovery motions and that he was too readily resorting to court intervention without conferring in good faith— or at all. Given Moseti's record of filing unmeritorious motions, once Moseti filed his latest motion to compel on September 18, the Court, four days later, entered an order cautioning Moseti on the possibility of monetary sanctions under Fed. R. Civ. P. 37(a)(5)(B) if he persisted in the motion at the Court ultimately determined that it was unmeritorious. (Dkt. No. 68.)

      Moseti did persist in his motion, and the Court denied it in all respects except for a portion of one interrogatory. Simply put, Moseti's motion was largely meritless. For example, he sought substantive responses to denied requests for admission (*see, e.g.*, Nov. 12 Mem. Op. at 6), failed to demonstrate that Mary Kay's interrogatory responses—in some instances supplemented before the reply deadline—were deficient (*see, e.g.*, *id.* at 10-12), demanded documents from Mary

Kay despite having been told that responsive documents either do not exist or have already been produced (*see, e.g.*, *id.* at 15-16), and made demands of Mary Kay that are not supported by the discovery rules (*see, e.g.*, *id.* at 15-16 (addressing Moseti's demand that Mary Kay affirm the absence of responsive documents under penalty of perjury)).

The only relief the Court granted on Moseti's motion concerned an interrogatory asking Mary Kay to "[i]dentify all individuals who had access to Plaintiff's performance records and disciplinary records during Plaintiff's employment, and indicate when each person obtained such access." (Nov. 12 Mem. Op. at 9.) Specifically, the Court ordered Mary Kay to identify "each person who participated in the creation, review, or modification of any disciplinary record pertaining to Plaintiff during his employment[.]" (*Id.*) Notably, Moseti also argued in his motion that a complete response to the interrogatory required Mary Kay to specifically identify records, but the Court concluded that the interrogatory had no such request. (*Id.* at 9-10.)

Having largely denied Moseti's motion, the Court allowed Mary Kay to request repayment of its reasonable expenses incurred in responding to the motion. It ordered the parties to confer with respect to any fee request and permitted to Mary Kay to file a motion in the event the parties were unable to resolve the issue between them. (*Id.* at 17.)

Mary Kay filed its motion on December 1. It seeks a total of $4,119.50 for a total of 7.7 hours of attorney time incurred in responding to Moseti's motion. (D. App. 1.) Moseti contends that an award of costs should not be imposed because his position was substantially justified and because other circumstances make an award unjust. (Resp. at 1.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 37(a)(5)(B) provides that, if a court denies a motion to compel discovery, the court "may" issue a protective order and "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The Court must not, however, "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." "[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Zenith Ins. Co. v. Texas Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 162 (N.D. Tex. 2018) (quoting *De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008)). Having brought the motion and largely lost, the burden is on Moseti to demonstrate that his position was substantially justified or that other circumstances make an award of fees unjust. *See Colhouer v. Nationwide Mut. Ins. Co.*, No. 3:24-CV-2869-K, 2025 WL 1838935, at *1 (N.D. Tex. July 3, 2025); *Vestas-Am. Wind Tech.,*

*Inc. v. Salazar*, No. 6:19-CV-00076-H, 2021 WL 4896142, at *2 (N.D. Tex. Mar. 27, 2021).

"'Reasonable attorneys' fees are determined through a two-step process,' otherwise known as the lodestar method." *Ferguson v. Sw. Reg'l PCR, LLC*, No. 5:22-CV-182-H, 2023 WL 9890884, at *2 (N.D. Tex. July 31, 2023) (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)). The lodestar is the product of the hours reasonably spent on the matter and an appropriate hourly rate for such work. *Id.* Once the lodestar is calculated, the "court may then 'enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors" set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Ferguson*, 2023 WL 9890884, at *2. The lodestar is presumptively reasonable, and the fee applicant must support the application with documentary proof establishing the reasonableness of the fees. *Id.* "[T]he party desiring modification of the lodestar bears the burden of establishing that a reduction is justified." *Id.* (citing *Fessler*, 23 F.4th at 415–16).

### III.  ANALYSIS

**A.    Moesti was not substantially justified in bringing the motion, nor do circumstances show that a fee award would be unjust.**

Moseti asserts first that he was substantially justified in filing his motion to compel. The gravamen of his position is that the Court agreed with him on a key issue, that Mary Kay had failed to identify people involved in the "termination decision." (Resp. at 1.) The interrogatory at issue asked Mary Kay to identify

people who had access to certain of his personnel records. Moseti is incorrect in suggesting that the motion revealed theretofore undisclosed individuals who were involved in the decision to terminate his employment. Moseti's response also ignores that the Court denied his motion with respect to the numerous other discovery requests and, in doing so, pointed out that in many instances he sought responses beyond what the discovery rules provided or failed to establish how Mary Kay's responses were deficient. Moseti has not shown that he was substantially justified in bringing the motion.

In a collection of bullet points, Moseti asserts that a fee award would additionally be unjust in this circumstance because Mary Kay has provided a "contradictory explanation for [his] termination," "refused to identify the people involved," has recently identified additional people, and "[s]till does not reconcile the false sworn declaration submitted earlier." (Resp. at 2-3.) He suggests that his motion "expos[ed] discovery misconduct" and that it would be unfair to impose fees. (*Id.* at 3.) Moseti's arguments rest on his consistent assertion that Mary Kay been engaged in falsehoods and discovery misconduct during this case. The Court has considered each of his motions and has found them to be meritless. The imposition of sanction in this case are entirely justified.

**B.     The Court determines that $3,959.00 is a reasonable amount of fees incurred in response to Moseti's motion to compel.**

Mary Kay seeks an order that Moseti repay attorneys' fees of $4,119.50. (Mot. at 1.) It supports its requested fees with a declaration by Jennifer Smiley, the

attorney who has worked on this matter and who prepared Mary Kay's response to Moseti's motion—and redacted billing records showing the dates she worked on the matter, the amount of time spent, and a description of the work performed in responding to the motion. (D. App. 1-10.) Moseti does not dispute or otherwise take issue with any of the work performed or the amount of the attorney's fee sought. (*See* Resp.)

Smiley has been licensed to practice law since 2015 and has billed in this matter at a rate of $535 per hour. (D. App. 1.) She testifies that her rate is reasonable for attorneys of her experience and in her practice area. (D. App. 1.) She spent 7.7 hours on communications, legal research, formulating strategy, and drafting in response to Moesti's motion to compel (Dkt. No. 67). This is corroborated by the redacted billing statements. (*See* D. App. 5, 8-9.)

Mary Kay computes a lodestar amount based on a total of 7.7 hours worked at a rate of $535 per hour for a total of $4,119.50. After reviewing the billing records, the Court finds that they largely reflect reasonable amounts of time spent reviewing Plaintiff's motion, conferring with the client, and preparing the response to the motion. The Court, however, disallows two time entries for counsel's review of documents concerning Moseti's failure to disclose the use of generative artificial intelligence in his filings, which together total 0.3 hours. (*See* D. App. 5.) Deducting this time, the Court concludes that the lodestar amount is $3,959.00 (7.4 hours x $535 per hour).

An attorney's reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skill, experience and reputation." *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2024 WL 1348401, at *2 (N.D. Tex. Mar. 28, 2024) (quoting *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011)). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

The reasonable hourly rate is typically established through sworn testimony of other attorneys practicing in the legal community, but the Court may also exercise its judgment based on its own expertise to assess the appropriate hourly rate. *Id.* "The party seeking reimbursement of attorneys' fees bears the burden to 'produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

Moseti does not dispute Mary Kay's proposed lodestar amount and, therefore, does not show that any adjustment to the lodestar amount is appropriate. Considering all appropriate factors, the Court determines that Moseti should repay Mary Kay $3,959.00 in attorney's fees reasonably incurred in responding to the September 18, 2025 motion to compel.

## IV.  CONCLUSION

Mary Kay's Motion for Award of Reasonable Fees and Costs (Dkt. No. 80) is **GRANTED**.  Moseti is **ORDERED** to pay **$3,959.00** to the law firm Ogletree, Deakins, Nash, Smoak & Stewart **within 120 days** of the date of this order.

**SO ORDERED** on December 16, 2025.

*[signature]*

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE