IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER MOSETI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1313-K-BW |
| | § | |
| MARY KAY, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. (Doc. 111.) Plaintiff Peter Moseti, proceeding pro se, filed objections on August 29, 2026. (Doc. 112.) On September 16, 2026, Moseti filed a "Motion for Leave to Amend Complaint, To Modify the Scheduling Order to the Extent Necessary, and To Resolve Leave Before the Final Judgment." (Doc. 115 ("Motion to Amend").)

The District Judge has made a *de novo* review of those portions of the FCR to which objections were made and has reviewed all other portions of the FCR for plain error. The objections are overruled, and the court finds no plain error with respect to the remainder of the FCR. The court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, the Court **GRANTS** Defendant Mary Kay's Motion for Summary Judgment. (Doc. 98.) The

Court will by separate judgment **DISMISS** Moseti's claims with prejudice pursuant to Federal Rule of Civil Procedure 56(a).

Next, addressing the Motion to Amend, Moseti moves for leave to amend under Federal Rule of Civil Procedure 15(a)(2), or alternatively, under Federal Rule of Civil Procedure 16(b)(4). (Motion to Amend at ECF p. 1.) The motion fails under either standard. Even if Moseti had demonstrated good cause to modify the scheduling order—which he has not—the motion fails because Moseti's proposed amendment is futile. An amended complaint may be denied for futility when the plaintiff seeks to add claims that are barred by res judicata because the amendment does not cure the deficiency of the original complaint—failure to state a claim upon which relief could be granted. *See Thomas v. Two Rivers Grocery & Mkt.*, 531 F. App'x 451 (5th Cir. 2013) (holding that denial on grounds of futility was not an abuse of discretion when the plaintiff's amended complaint failed to cure the defects in the original complaint).

Moseti contends that he should be permitted to add a Title VII race discrimination claim to his lawsuit because he recently received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding the Charge of Discrimination he filed against Mary Kay regarding his termination of employment. (Motion to Amend at 2.) Moseti admits, however, that his "Title VII race-discrimination count aris[es] from the same January 2024 termination already pleaded, discovered, and litigated" and "adds no defendant, new employment transition, new adverse action, or unrelated factual episode." (Motion to Amend at 3; Doc. 115-1 at

6, 14). That admission demonstrates the futility of his amendment. "The summary judgment test for discrimination claims under § 1981 is the same as the test for discrimination claims under Title VII." *Riley v. Sch. Bd. Union Par.*, 379 Fed. App'x 335, 339 (5th Cir. 2010); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004). Because the analysis is the same and the factual circumstances for the "new" Title VII claim are the same, the Court's dismissal of Moseti's § 1981 claim on summary judgment renders his Motion to Amend to add a Title VII claim futile. *See Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008) (affirming district court's denial of futile motion to amend complaint); *Anderson v. Office Depot, Inc.*, No. CIV.A.308CV288DPJJCS, 2009 WL 1116306, at *4 (S.D. Miss. Apr. 24, 2009), *aff'd*, 360 Fed. App'x 553 (5th Cir. 2010) (denying motion to amend to add § 1981 claim based on same conduct alleged in Title VII race discrimination claim). Accordingly, Moseti's motion for leave to file an amended complaint (Doc. 115) is **DENIED**.

SO ORDERED.

Signed October 13th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE